## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| VAPOTHERM, INC., <br>     *Plaintiff*, <br><br> v. <br><br> CLAYTON SANTIAGO, <br>     *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:21-CV-00058-SM <br> ) <br> ) <br> ) |

### DEFENDANT CLAYTON SANTIAGO'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant Clayton Santiago ("Santiago") moves this Court to dismiss Plaintiff's First Amended Complaint dated May 11, 2021 (the "Amended Complaint") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, and to dismiss Counts Four, Five, and Six pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state claims upon which relief can be granted.

Defendant Santiago lacks sufficient contacts with the state of New Hampshire to allow the Court to exercise personal jurisdiction over him.  Santiago is a resident and citizen of Georgia. Although Santiago is a former employee of Vapotherm, Inc. ("Vapotherm") which is headquartered in New Hampshire, during the entire time he worked for Vapotherm, Santiago's residence, work, and clients were all in the southeastern United States (mostly Florida and Georgia).  His supervisors and direct reports were in South Carolina.  His supervisor's supervisor was located in Illinois.  Although the Amended Complaint alleges that Santiago breached his employment agreement with Vapotherm by allegedly soliciting Benjamin Lonsway, Kurt Wong, and Ryan Philpot to each terminate their employment at Vapotherm and accept positions at Vero, the depositions taken by Vapotherm pursuant to the Order provide no evidentiary support for this claim.  Indeed, the testimony supports the direct opposite conclusion.  Santiago testified

unequivocally that he in no way solicited or encouraged Messrs. Lonsway, Wong, or Philpot or any other Vapotherm employees to terminate their employment and accept positions at Vero.[1] Santiago also testified unequivocally that he did not breach his non-solicitation agreement with Vapotherm in any manner. Plaintiff has not even a scintilla of evidence that Santiago engaged in any wrongful conduct directed toward New Hampshire that would support a finding of personal jurisdiction in this matter. The Court should therefore dismiss the Amended Complaint.

The Court should also dismiss Count Four of the Amended Complaint purporting to state a claim for Intentional Interference with Existing Contractual Relations and Count Five purporting to state a claim for Intentional Interference with Prospective Contractual Relations because the causes of action are preempted under New Hampshire law. The Court should further dismiss Count Six of the Amended Complaint for failing to state a claim.

For the reasons stated herein, as well as the reasons set forth in Santiago's supporting Memorandum of Law, the Court should dismiss the Amended Complaint for lack of personal jurisdiction over Santiago. Alternatively, if the Court finds it has personal jurisdiction over Santiago, it should dismiss Counts Four, Five, and Six of the Amended Complaint for failure to state claims upon which relief can be granted.

---

[1] Messrs. Lonsway and Philpot similarly testified unequivocally that Mr. Santiago did not solicit them or play any role in their respective decisions to leave Vapotherm and join Vero. The testimony on this point could not have been more clear or decisive. Vapotherm did not request to depose Mr. Wong.

        Respectfully submitted by the Defendant,

        By and through his attorney,

        CLAYTON SANTIAGO

        */s/ Brett D. Walker*
        Brett D. Walker, Esq. (N.H. Bar #273317)
        GORDON REES SCULLY MANSUKANI, LLP
        21 Custom House Street, 5th Floor
        Boston, MA 02110
        (857) 504-6101
        BDWalker@GRSM.com

Date: May 28, 2021

## **CERTIFICATE OF CONFERENCE**

    I hereby certify that I conferred with counsel for the plaintiff in advance of this filing in an attempt to resolve or narrow the issues herein presented.

Dated: May 28, 2021        */s/ Brett D. Walker*
                                          Brett D. Walker (N.H. Bar #273317)

## **CERTIFICATE OF SERVICE**

    I, Brett D. Walker, hereby certify that on May 28, 2021, I electronically filed the foregoing document and served it upon counsel of record for all parties that have appeared in this action through the Court's electronic filing system.

        */s/ Brett D. Walker*
        Brett D. Walker
        NH Bar No. 273317